SAMUEL D. CASTOR, ESQ. (NBN 11532)
ANNE-MARIE BIRK, ESQ. (NBN 12330)
Email: policy@switch.com
SWITCH, LTD.
7135 South Decatur Ave.
Las Vegas, Nevada 89118
Telephone: 702/444-4111

JAMES D. BOYLE, ESQ. (NBN 08384)
E-mail: jboyle@nevadafirm.com
JOANNA M. MYERS, ESQ. (NBN 12048)
E-mail: jmyers@nevadafirm.com
JESSICA M. LUJAN, ESQ. (NBN 14913)
E-mail: jlujan@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE PUZEY STEIN & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308

*Attorneys for Plaintiff /Counter-Defendant
Switch, Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SWITCH, LTD., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>UPTIME INSTITUTE, LLC, a Delaware limited liability company; and UPTIME INSTITUTE PROFESSIONAL SERVICES, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 2:19-cv-00631-GMN-NJK<br>**ORDER ON**<br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSES TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER [DKT. #45] (THIRD REQUEST) AND DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S INSIDE COUNSEL SAMUEL CASTOR FROM TAKING AND DEFENDING DEPOSITIONS [DKT. #46] (SECOND REQUEST)** |

Plaintiff Switch, Ltd. ("Switch"), by and through its undersigned counsel, hereby files its Motion for Extension of Time to File Responsive Pleadings to Defendants' Motion for Protective Order [Dkt. #45] (Third Request) and Defendants' Motion to Exclude Plaintiff's Inside Counsel Samuel Castor From Taking and Defending Depositions [Dkt.

- 1 -

#46] (Second Request) ("Motion").

This Motion is brought under Fed.R.Civ.P. 6(b) and is supported by the Declaration of Samuel Castor attached hereto as **Exhibit 1**, and the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  BACKGROUND**

Defendants filed a Motion for Protective Order on February 14, 2020, at 10:45 p.m. PST [Dkt. #45]. On February 18, 2020, Plaintiff filed a Motion to Extend Time for Plaintiff to File Responsive Pleading [Dkt. #47] with the court. The Court entered an Order on February 19 [Dkt. #48], granting the motion and making Plaintiff's responsive pleading due on February 24, 2020. Plaintiff agreed to the requested extension for the reply brief as well, which extended the deadline for the reply until March 2, 2020. Thereafter, the parties began settlement discussions, and in an effort to focus on those negotiations, stipulated on February 24, 2020 to an extension of eighteen (18) days, and the Court ordered the extension on February 26, 2020 [Dkt. #52], permitting Plaintiff to file its Opposition on March 13, 2020, and Defendants to file their Reply on March 20, 2020.

In addition to the Motion for Protective Order, on February 14, 2020, Defendants filed a Motion to Exclude. The deadline for Plaintiff to file a responsive pleading was February 28, 2020. Pursuant to LR 7-2(b), Defendants' reply was due March 6, 2020. Given the parties efforts to resolve this matter, the parties further stipulated to an extension of eighteen (18) days, and the Court ordered the extension on February 26, 2020 [Dkt. #52], permitting Plaintiff to file its Opposition on March 17, 2020, and Defendants to file their Reply on March 24, 2020.

Also requested within the Court's Order on February 26, 2020 [Dkt. #52], the deadline for Defendants to file an answer or otherwise respond to Plaintiff's Second Amended Complaint was extended from March 5, 2020 to March 23, 2020.

///

The parties are making progress in their settlement discussions, are in the process of preparing and negotiating settlement documents, and as such, Plaintiff sought an extension from Defendants of an additional seven (7) days within which to finalize those negotiations and documents to resolve this case. Additionally, a medical emergency and logistical complications due to the global COVOID 19 pandemic have delayed the parties' resolution.

As such, on March 13, 2020, at 9:14 AM, Plaintiff reached out to Defendants' counsel to seek an extension of seven (7) days allowing the parties to finalize settlement documents without the need for further motion practice. A second email was sent to Defendants' counsel at 9:41 AM explaining a medical emergency. At 10:51 AM, Plaintiff forwarded a proposed Stipulation to extend the deadlines to Defendants' counsel; however, as has been customary with Defendants' counsel, at 2:45 PM, Plaintiff received an email with several conditions. Defendant continued to modify the conditions but the parties were unable to reach an agreement. Given time is of the essence, the fact the parties are underway in settlement negotiations, a family emergency, and the global pandemic causing logistical constraints, Plaintiff asks for a few more days with this Motion.

To allow the parties to continue meaningful settlement discussions, Plaintiff respectfully requests an extension of the following deadlines by seven (7) days, as follows:

**Defendants' Motion for Protective Order [Dkt. #45]:**

| | |
|---|---|
| Plaintiff's current response deadline: | March 13, 2020 |
| **Requested response deadline:** | **March 20, 2020** |
| Defendants' current reply deadline: | March 20, 2020 |
| **Requested reply deadline:** | **March 27, 2020** |

**Defendants' Motion to Exclude Plaintiffs' Inside Counsel Samuel Castor from Taking and Defending Depositions ("Motion to Exclude") [Dkt. #46]:**

| | |
|---|---|
| Plaintiff's current response deadline: | March 17, 2020 |
| **Requested response deadline:** | **March 24, 2020** |

| | |
|---|---|
| Defendants' current reply deadline: | March 24, 2020 |
| **Requested reply deadline:** | **March 31, 2020** |

**Motion to Dismiss Second Amended Complaint:**

| | |
|---|---|
| Plaintiff's current response deadline: | March 23, 2020 |
| **Requested response deadline:** | **March 30, 2020** |

**II.  LEGAL ARGUMENT**

**A.  Good Cause Exists to Grant the Short Extension Per Rule 6(b)(1)(B).**

Rule 6(b) permits the Court to extend the time to file an opposition upon a showing of good cause and excusable neglect. Fed.R.Civ.P. 6(b)(1)(B).

"'Good cause' is a *non*-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (discussing "good cause" in the context of Fed. R. Civ. P. 6(b)(1)) (emphasis added). It generally involves a case-by-case assessment of whether there is some good reason for the delay or requested extension in the absence of bad faith and prejudice to the non-moving party. *See id.,* at 1109-1110.

Here, good cause exists because Switch is seeking a minimal extension of seven (7) days to allow the parties to continue meaningful settlement discussions and resolve this matter. Good cause also exists, because Plaintiff's counsel is currently undergoing a family emergency and a major pandemic is sweeping the world.

///
///
///
///
///
///
///
///

### III. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests the Court grant its Motion for an extension of seven (7) days to file its oppositions to Defendants' Motions [Dkts. #45 & #46] as well as for Defendants to file their response to Plaintiff's Second Amended Complaint.

DATED this 13th day of March, 2020.

**SWITCH, LTD.**

_/s/: Samuel Castor_
SAMUEL D. CASTOR, ESQ (NBN 11532)
ANNE-MARIE BIRK, ESQ. (NBN 12330)
7135 South Decatur Blvd.
Las Vegas, Nevada 89118

JAMES D. BOYLE, ESQ. (NBN 08384)
JOANNA M. MYERS, ESQ. (NBN 12048)
JESSICA M. LUJAN, ESQ. (NBN 14913)
**HOLLEY DRIGGS WALCH**
**FINE PUZEY STEIN & THOMPSON**
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Plaintiff / Counter-Defendant Switch, Ltd.*

IT IS SO ORDERED.

Dated: March 16, 2020

_____
Nancy J. Koppe
United States Magistrate Judge